**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **ALBERT BRUCE SINGLETARY,** | **:** | **Criminal Action No.** |
| | **:** | **5:08-CR-12(HL)** |
| **Defendant.** | **:** | |
| | **:** | |

# <u>ORDER</u>

Before the Court are Defendant's Pro-Se Motion to Remove Counsel of Record (Doc. 22), Pro-Se Motion to Suppress (Doc. 23), and Pro-Se Motion for Evidentiary Hearing (Doc. 24). For the following reasons, Defendant's Motions are denied.

## I.    FACTS

On May 22, 2007, Defendant was arrested by law enforcement officials from the Southeastern Regional Fugitive Task Force (SERFTF) on a state warrant for probation violation. During the course of his arrest, Defendant disclosed to the arresting officers that he had a firearm in his waistband. The arresting officers searched Defendant and discovered a firearm in his possession. The firearm was turned over to an ATF agent. Subsequently, Defendant was indicted by the United States Government for the federal offense of felon in possession of a firearm. (Doc. 1).

On May 27, 2008, Defendant filed a Pro-Se Motion to Remove Counsel of Record, a Motion to Suppress, and a Motion for Evidentiary Hearing. In his Motion to

1

Remove Counsel and Motion to Suppress, Defendant requested that his counsel, Demetria Nicole Williams, be removed because she would not file the Motion to Suppress on his behalf.  Defendant requested that either new counsel be appointed, or that he be allowed to represent himself pro-se.  He also requested that the Court hear his Motion to Suppress.

On June 3, 2008, Defendant appeared before the Court along with Ms. Williams and the Assistant United States Attorney assigned to his case.  The Court asked Defendant why he wanted Ms. Williams removed, and he indicated his removal request was premised solely on Ms. Williams's refusal to file the Motion to Suppress. The Court ordered that Defendant and Ms. Williams confer to discuss the problem. After conferring with Ms. Williams, Defendant stated that he still wanted Ms. Williams removed as his counsel, and a _Faretta_ hearing was scheduled for Friday, June 6, 2008.

Prior to the _Faretta_ hearing, this Court reviewed the Motion to Suppress that Defendant filed to determine the basis for the Motion.  Upon reviewing the Motion, this Court determined that Defendant was arguing that the ATF agent had no jurisdiction to seize the firearm during the course of his arrest because Defendant was arrested for a state offense.  Consequently, according to Defendant, the United States Government has no jurisdiction to prosecute him for the offense.  At the hearing, the Court again asked Defendant to state the basis for his grievance against Ms. Williams. Defendant reiterated that it was because Ms. Williams would not file the Motion to

Suppress. Because this was the sole issue he had with Ms. Williams's representation, and because the Motion to Suppress had no legal basis, this Court informed Defendant that it would rule on his Motion to Suppress. The Court then asked Defendant if he was prepared to argue his Motion to Suppress, and he said he was ready.

Defendant proceed to argue the Motion and stated that the basis of his Motion was jurisdictional.[1] He contended that the federal government had no jurisdiction over the firearm seized in the course of his May 22, 2007, arrest because Defendant was arrested for a state probation violation. According to Defendant, evidence obtained in the course of an arrest for a state offense must be turned over to state authorities for prosecution. Thus, he contends that the firearm should be suppressed because it was turned over to the ATF rather than state law enforcement officials. In support of his argument, Defendant cited two sections from the Georgia Code: O.C.G.A. § 17-9-60 and O.C.G.A. § 15-7-4. Defendant also seemed to argue that the gun should be suppressed because one of the police reports contained his incorrect Social Security number.

At the conclusion of Defendant's argument, the Government addressed the Court. The Government argued that Defendant's Motion to Suppress is without merit because that the federal government and states have concurrent jurisdiction over

---

[1]The Government informed the Court, Defendant, and Ms. Williams that the Government would not use against him any of the statements he made in the course of his argument.

many offenses, including the offense of felon in possession of a firearm. The

Government also argued that the firearm should not be suppressed on the basis that

one of the arrest reports contained Defendant's incorrect Social Security number.

At the conclusion of the hearing, the Court informed the parties that it would

issue an Order on the Motion to Suppress, and that Ms. Williams was to continue as

Defendant's counsel of record.

## II.    DISCUSSION

### A.    MOTION FOR EVIDENTIARY HEARING

District courts need not hold evidentiary hearings on motions to suppress as a

matter of course. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000). A

district court is only required to hold an evidentiary hearing if the defendant, in his

motion to suppress, alleges facts that if proved would require suppression of the

evidence. United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984). Because, as

stated below, Defendant's Motion to Suppress does not allege facts that if proved

would require suppression of the firearm, Defendant's Motion for Evidentiary Hearing

is denied.

### B.    MOTION TO SUPPRESS

The exclusionary rule requires that evidence be suppressed if it is obtained in

violation of the Fourth Amendment. United States v. Perkins, 348 F.3d 965, 969 (11th

Cir. 2003). The search of an arrestee's person incident to a lawful arrest does not

violate the Fourth Amendment. Chimel v. California, 395 U.S. 752, 763 (1969).

In this case, Defendant characterizes his argument in support of suppression as "jurisdictional." He has advanced no argument that challenges the legality of his arrest on the state warrant, the search of his person after his arrest, or the seizure of the firearm in his possession. A review of the facts establishes that the search was constitutionally valid because, among other things, it was conducted incident to Defendant's lawful arrest. Accordingly, the search and seizure at issue did not violate the Fourth Amendment.

While Defendant's Motion to Suppress does not address the reasonableness of the search and seizure, it does address the jurisdictional authority of the federal government to prosecute Defendant for this offense. Thus, Defendant's Motion to Suppress is in reality a Motion to Dismiss for Lack of Subject Matter Jurisdiction. As stated above, Defendant believes that evidence obtained during the execution of a state arrest warrant must be given to state authorities for prosecution. Unfortunately for Defendant, his argument is wholly without merit. It is well-established that "'[f]ederal courts have exclusive jurisdiction of offenses against the laws of the United States under 18 U.S.C. § 3231; the permission of the states is not a prerequisite to exercise that jurisdiction.'" United States v. Hamilton, 263 F.3d 645, 655 (6th Cir. 2001) (quoting United States v. Burchett, No. 93-5734, 1993 WL 473698, at *1 (6th Cir. Nov. 16, 1993)). This jurisdiction is not lost when the Government's prosecution of a defendant for a federal offense relies on evidence seized during the execution of a state arrest warrant. In fact, it is very common for state law enforcement officials to

5

turn over evidence to federal authorities for prosecution.  See, e.g., United States v. Ucciferri, 960 F.2d 953 (11th Cir. 1992).  As a result, the United States has jurisdiction to prosecute Defendant for the offense for which he is under indictment in the instant case.  Defendant's Motion to Suppress is therefore denied.

### C. Motion to Remove Counsel of Record

Defendant's only grievance with Ms. Williams is that she would not file the Motion to Suppress.  At the hearing, this Court told Defendant that it would rule on his Pro-Se Motion to Suppress, and that Ms. Williams would continue as his counsel of record.  As a result, Defendant's Motion to Remove Counsel is denied.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motions are denied.  Ms. Williams will continue as Defendant's counsel of record.  The Court will not accept any more pro-se filings from Defendant.

SO ORDERED, this the 11th day of June, 2008

*s/ Hugh Lawson*
HUGH LAWSON, Judge

dhc