IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | |
| ALBERT BRUCE SINGLETARY, | : | Criminal Action No. |
| | : | 5:08-CR-12(HL) |
| Defendant. | : | |

# ORDER

Before the Court are Defendant's Motion to Dismiss Counsel and Proceed Pro-Se (Doc. 32), and Defendant's Motion to Dismiss Indictment (Doc. 34). For the following reasons, Defendant's Motions are denied. In addition, Defendant's counsel is ordered to respond to the Government's Motion in Limine (Doc. 33).

## I. FACTS

On May 22, 2007, Defendant was arrested by law enforcement officials from the Southeastern Regional Fugitive Task Force (SERFTF) on a state warrant for probation violation. During the course of his arrest, Defendant disclosed to the arresting officers that he had a firearm in his waistband. The arresting officers searched Defendant and discovered a firearm in his possession. The firearm was turned over to an ATF agent. Subsequently, Defendant was indicted by the United States Government for the federal offense of felon in possession of a firearm. (Doc. 1).

1

On May 27, 2008, Defendant filed a Pro-Se Motion to Remove Counsel of Record, a Motion to Suppress, and a Motion for Evidentiary Hearing. In his Motion to Remove Counsel and Motion to Suppress, Defendant requested that his counsel, Demetria Nicole Williams, be removed because she would not file the Motion to Suppress on his behalf. Defendant requested that either new counsel be appointed, or that he be allowed to represent himself pro-se. He also requested that the Court hear his Motion to Suppress.

On June 3, 2008, Defendant appeared before the Court along with Ms. Williams and the Assistant United States Attorney assigned to his case. The Court asked Defendant why he wanted Ms. Williams removed, and he indicated his removal request was premised solely on Ms. Williams's refusal to file the Motion to Suppress. The Court ordered that Defendant and Ms. Williams confer to discuss the problem. After conferring with Ms. Williams, Defendant stated that he still wanted Ms. Williams removed as his counsel, and a <u>Faretta</u> hearing was scheduled for Friday, June 6, 2008.

Prior to the <u>Faretta</u> hearing, the Court reviewed the Motion to Suppress that Defendant filed to determine the basis for the Motion. Upon reviewing the Motion, the Court determined that Defendant was arguing that the ATF agent had no jurisdiction to seize the firearm during the course of his arrest because Defendant was arrested for a state offense. Consequently, according to Defendant, the United States Government has no jurisdiction to prosecute him for the offense. At the

hearing, the Court again asked Defendant to state the basis for his grievance against Ms. Williams. Defendant reiterated that it was because Ms. Williams would not file the Motion to Suppress. Because this was the sole issue he had with Ms. Williams's representation, and because the Motion to Suppress had no legal basis, this Court informed Defendant that it would rule on his Motion to Suppress. The Court then asked Defendant if he was prepared to argue his Motion to Suppress, and he said he was ready.

Defendant proceed to argue the Motion and stated that the basis of his Motion was jurisdictional.[1] He contended that the federal government had no jurisdiction over the firearm seized in the course of his May 22, 2007, arrest because he was arrested for a state probation violation. According to Defendant, evidence obtained in the course of an arrest for a state offense must be turned over to state authorities for prosecution. Thus, he contends that the firearm should be suppressed because it was turned over to the ATF rather than state law enforcement officials. In support of his argument, Defendant cited two sections from the Georgia Code: O.C.G.A. § 17-9-60 and O.C.G.A. § 15-7-4. Defendant also seemed to argue that the gun should be suppressed because one of the police reports contained his incorrect Social Security number.

At the conclusion of Defendant's argument, the Government addressed the

---

[1] The Government informed the Court, Defendant, and Ms. Williams that the Government would not use against him any of the statements he made in the course of his argument.

Court. The Government argued that Defendant's Motion to Suppress is without merit because the federal government and states have concurrent jurisdiction over many offenses, including the offense of felon in possession of a firearm. The Government also argued that the firearm should not be suppressed on the basis that one of the arrest reports contained Defendant's incorrect Social Security number.

Subsequently, the Court entered an Order (Doc. 29) denying his Motion to Suppress. In the Order, the Court specifically stated that Defendant's Motion to Suppress was in reality a Motion to Dismiss for Lack of Jurisdiction. Because Defendant's jurisdictional argument was without merit, the Court denied his Motion. On July 8, 2008, Defendant filed a Notice of Appeal of the Order.

On July 23, 2008, Defendant again filed a Motion to Dismiss Counsel, in which he requests to be allowed to represent himself. The basis for this Motion was Ms. Williams's failure to assist him with the filing of his Motion to Suppress. According to Defendant, his Motion would have been granted if she would have assisted him. In addition, he complains that she will not help him file a Motion to Dismiss for Lack of Jurisdiction. This is despite the fact that the Court already rejected Defendant's jurisdictional argument. On July 28, 2008, Defendant filed a "Motion to Dismiss for 'Falsifying Documents,' 'Invalid Indictment,' and 'Denial of Due Process of the Law.'" This Motion is little more than a repetition of the same arguments he made in his Motion to Suppress.

On July 31, 2008, the Court held a pre-trial conference on this case. At the

start of the hearing, the Court asked Defendant if he still wanted to represent himself. Defendant stated that he would like to proceed pro-se. The Court then conducted a Faretta hearing to determine whether Defendant was knowingly and voluntarily waiving his right to counsel. After this inquiry, the Court warned Defendant of the dangers of proceeding to trial without counsel and strongly suggested that he not represent himself. At that point, the Court again asked Defendant if he wanted to proceed without counsel. This time Defendant stated that he would like to retain Ms. Williams as counsel.

## II.  DISCUSSION

Because Defendant has stated that he wishes to proceed with Ms. Williams as his counsel, Defendant's Motion to Dismiss Counsel is denied as moot. Defendant's Motion to Dismiss Indictment is dismissed because it was filed pro-se, and the Court typically does not accept pro-se filings from represented parties. In addition, Defendant's Notice of Appeal does not divest this Court of jurisdiction as the Notice of Appeal seeks review of an interlocutory order. See United States v. Kapelushnik, 306 F.3d 1090, 1094 (11th Cir. 2002) ("Our precedent holds that a premature notice of appeal does not divest the district court of jurisdiction over the case."). Last, presently pending before the Court is the Government's Motion in Limine (Doc. 33). To date, no response has been filed. Counsel for Defendant shall have until August 6, 2008, to file a response.

## III.  CONCLUSION

Defendant's Motions are denied. Defendant's counsel shall have until August 6, 2008, to respond to the Government's Motion in Limine.

**SO ORDERED**, this the 1st day of August, 2008

    *s/ Hugh Lawson*
    **HUGH LAWSON, Judge**

dhc