# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | |
| ALBERT BRUCE SINGLETARY, | : | Criminal Action No. |
| | : | 5:08-CR-12(HL) |
| Defendant. | : | |

# ORDER

Before the Court is the Government's first Motion in Limine (Doc. 33). For the following reasons, the Motion is granted.

## I. FACTS

On May 22, 2007, Defendant was arrested by law enforcement officials from the Southeastern Regional Fugitive Task Force (SERFTF) on a state warrant for probation violation. During the course of his arrest, Defendant disclosed to the arresting officers that he had a firearm in his waistband. The arresting officers searched Defendant and discovered a firearm in his possession. The firearm was turned over to an ATF agent. Subsequently, Defendant was indicted by the United States Government for the federal offense of felon in possession of a firearm. (Doc. 1). On July 28, 2008, the Government filed its first Motion in Limine, requesting that (1) Defendant be prohibited from asserting a justification defense, and (2) Defendant be barred from offering testimony that his daughter owned the firearm.

1

## II.  DISCUSSION

### A.  Justification Defense

The defense of justification may be available to a defendant in a prosecution for the offense of felon in possession of a firearm.  United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000).  The defense, however, is available only in extraordinary circumstances.  Id.  The defendant must establish the defense by a preponderance of the evidence by proving four elements:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily harm; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

Id.

In this case, Defendant contends in his response to the Government's Motion in Limine that he is entitled to present evidence of a justification defense because his life was under constant threat.  In support of this contention, Defendant alleges the following facts: Defendant had been threatened by two individuals, Anthony Owens and Willie Barr Jr., over the course of six months; these individuals lived in the same neighborhood as Defendant; Defendant would routinely see Owens and

Barr while traveling to and from work; these individuals would approach him and threaten him; in December 2006 Barr went to Defendant's job site and fired a gun to threaten him; in January 2007 Owens, without provocation, pulled up his shirt to show Defendant a gun tucked in his waist band and said, "I ought to shoot you"; Owens and Barr would see Defendant and use their hands to make handgun gestures directed at Defendant; these individuals would routinely carry guns; in May 2007 Owens confronted Defendant outside a local store and said, "I ought to bust a cap in you"; and Defendant sought assistance from law enforcement but Owens and Barr continued to threaten him. Accepting these facts as true, the Court finds that Defendant is not entitled to assert the defense of justification because, among other things, Defendant cannot establish the first prong of the defense.

The first prong of the justification defense "requires nothing less than an immediate emergency." United States v. Bell, 214 F.3d 1299, 1300 (11th Cir. 2000). In Bell the defendant appealed his conviction for being a felon in possession of a firearm, arguing that the district court committed reversible error in not allowing him to introduce evidence support a justification defense. The defendant contended that he possessed the firearm out of fear for his own safety because several days before he was found in possession of the firearm a group of assailants fired shots at him. Id. at 1301. The Eleventh Circuit rejected Defendant's argument and held that the district court properly refused the defendant's request to introduce evidence of a justification defense. Id. The court reasoned that the facts as alleged by the

defendant failed to establish the existence of an immediate danger. Id. To demonstrate that the alleged facts did not constitute an emergency situation, the Eleventh Circuit cited two cases from the former Fifth Circuit.[1] The court noted that in one case the defense was not established when "the defendant retained possession of a gun for thirty minutes after being attacked in his home," and in the other, the defense was not established when "the defendant purchased a gun and gave it to his wife after their home had been burglarized." Id. at 1300-01(citing United States v. Parker, 566 F.2d 1304, 1305-06 (5th Cir. 1978); United States v. Scales, 599 F.2d 78, 80 (5th Cir. 1979)).

Similarly, in United States v. Rice, 214 F.3d 1295 (11th Cir. 2000), the defendant was charged with felon in possession of a firearm. As in Bell, the Eleventh Circuit held that the district court properly excluded evidence supporting the defendant's justification defense because the alleged facts did not establish that defendant was in immediate danger. Id. at 1298-99. The facts in Rice are remarkably similar to the facts in this case. In Rice the defendant alleged that prior to obtaining the gun, he had been repeatedly threatened and harassed by members of a neighborhood gang called "The Thug Life." On at least three occasions members of the gang beat and robbed him, and on numerous other occasions

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

4

members of the gang threatened him.  Id. at 1297-98.  Despite these facts, the Eleventh Circuit held that the defendant was not entitled to assert the justification defense because he was not in immediate danger when he was caught with the weapon.  Id. at 1298.  The court reasoned that at the time the defendant was arrested, he was standing on the street drinking beer, engaged in conversation, and no members of the gang were in sight.  Id.

Here, Defendant was on his way to work at the time he was arrested. Defendant has not alleged any facts to demonstrate that there was an "immediate emergency" at that time.  Instead, he has simply alleged the he possessed the firearm at issue to protect himself from two individuals who had continually threatened and harassed him.  As in Rice, this pattern of threatening and harassing behavior directed toward Defendant does not establish that Defendant was in immediate danger at the time he was caught with the firearm. As a result, Defendant will be prohibited from introducing evidence of a justification defense.

**B.  Testimony Regarding Ownership**

The Government also requests that Defendant be prohibited from introducing evidence that his daughter owned the gun because ownership is not an element of the offense for which Defendant is charged.  Under Federal Rule of Evidence 402, "Evidence which is not relevant is not admissible."  FED. R. EVID. 402.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence." FED. R. EVID. 401.

In this case, Defendant is charged with felon in possession of a firearm in violation of 18 U.S.C. § 922(g). There are three elements to a § 922(g) violation: (1) the defendant was a convicted felon; (2) the defendant knowingly possessed a firearm; and (3) the firearm was in or affecting interstate commerce. <u>United States v. Jernigan</u>, 341 F.3d 1273, 1279 (11th Cir. 2003). Ownership is not an element of the offense. Thus, the Court fails to see how it is relevant that Defendant's daughter owned the firearm, especially in a case such as this where the firearm was found in Defendant's waistband. Defendant will therefore be prevented from introducing evidence that his daughter owned the firearm.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion in Limine is granted.

**SO ORDERED**, this the 8th day of August, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc