IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT BRUCE SINGLETARY, | : | Criminal Action No. |
| | : | 5:08-CR-12(HL) |
| Defendant. | : | |
| | : | |

# ORDER

Defendant is charged in a one count Indictment (Doc. 1) with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Before the Court is Defendant's Motion to Dismiss Indictment (Doc. 55) in which Defendant seeks dismissal on the ground that the recent Supreme Court decision in District of Columbia v. Heller, 128 S. Ct. 2783 (2008), renders the felon in possession statute unconstitutional. In Heller the Supreme Court issued its landmark ruling on the scope of the Second Amendment's right to bear arms, holding that the right is individual, not collective. Id. In reaching its holding, the Court expressly stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons...." Id. at 2816. Thus, contrary to Defendant's argument, the Supreme Court's decision in Heller does not draw into the question the constitutionality of the felon in possession statute. Not only did the majority in make it clear that its decision did not affect the constitutional validity of the felon in possession statute, but all courts that have considered the issue since the Heller

decision have reached the same conclusion as this court: the felon in possession statute does not violate the Second Amendment.  See e.g., United States v. Gilbert, 2008 WL 2740453, at *2 (9th Cir. July 15, 2008); United States v. Robinson, No. 07-CR-202, 2008 WL 2937742 (E.D. Wis. July 23, 2008).  Accordingly, Defendant's Motion to Dismiss is denied.

      **SO ORDERED**, this the 11th day of August, 2008

                                *s/ Hugh Lawson*
                                **HUGH LAWSON, Judge**

dhc