IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| ALBERT BRUCE SINGLETARY, | :   Criminal Action No. |
| | :   5:08-CR-12(HL) |
| Defendant. | : |
| | : |

# ORDER

Before the Court is Defendant's Motion to Withdraw Guilty Plea (Doc. 66). The Court previously denied (Doc. 65) Defendant's pro se Motion to Withdraw Guilty Plea (Docs. 63 & 64) because it was not filed through counsel. Subsequently, counsel for Defendant, Nicole Williams, filed this Motion to Withdraw Guilty Plea.

After a court accepts a defendant's plea of guilty but prior to sentencing, a defendant may withdraw the plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "In determining whether a defendant has shown a fair and just reason, the district court evaluates the totality of the circumstances, including '(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.'" United States v. Najjar, 283 F.3d 1306, 1309 (11th Cir. 2002) (quoting United States v. Buckles, 843 F.2d 469,

1

472 (11th Cir. 1998)).

In this case, Defendant has not demonstrated a fair and just reason for requesting withdrawal. Defendant had the close assistance of counsel when he entered his plea, and the Defendant's plea was knowing and voluntary, as evidenced by the Court's plea colloquy. Also, considerable judicial resources would be wasted if the Court allowed Defendant to withdraw his plea. Defendant's request for withdrawal is based on a patently frivolous jurisdictional argument. Apparently, Defendant contends that he should be allowed to withdraw his plea because the Court does not have jurisdiction over the case. The Court, however, has already ruled on this issue and rejected Defendant's contention that jurisdiction is lacking. It would be absurd and a waste of judicial resources for the Court to allow Defendant to withdraw his guilty plea so that the Court could again rule on an issue that it has already decided. When he entered his plea, Defendant reserved the right to appeal the Court's ruling that the Court has jurisdiction over his case. If Defendant wishes to challenge this ruling, he may do so before the Eleventh Circuit, but this Court is not going to allow Defendant to withdraw his guilty plea so that it can again consider a legal argument that it has previously rejected. Defendant's Motion to Withdraw Plea of Guilty is denied.

**SO ORDERED**, this the 2nd day of October, 2008

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc

2