# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ALBERT BRUCE SINGLETARY, | * | |
| Petitioner, | * | Case No. 5:10-CV-90074 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | Case No. 5:08-CR-12 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Singletary's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner was indicted in this Court on March 13, 2008, for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Doc. 1). On August 11, 2008, Singletary entered into a Plea Agreement with the Government (Doc. 61) and pleaded guilty to the charge in the indictment. (Doc. 62). Subsequent to the preparation of a Pre-Sentence Report (PSR), the Court sentenced Petitioner Singletary on November 6, 2008, to a term of imprisonment of 64 months. (Doc. 72, 74). Petitioner Singletary appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit which affirmed the Judgment of the District Court on September 10, 2009. (Doc. 98). The United States Supreme Court denied certiorari in Singletary's case on January 25, 2010 (Doc. 99), and, on February 16, 2010, Singletary timely filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 100).

**Petitioner's Claim**

Petitioner asserts as his Ground One that:

> Court appointed counsel, Ms. D. Nicole Williams was ineffective prior to and during sentencing. Item #1: The sentence in Singletary's PSR, (line 37) Possession of Cocaine w/intent to Distribute and Possession of Marijuana Case No. 33046 and Possession of Cocaine Case No. 33031; was a probation case that was revoked in full on 2/23/94. The sentence in line (43) was also imposed on the same day, in the same courtroom. Both sentences were to run concurrent and the defendant was paroled on 2/09/96 on both sentences as they were a single sentence. However, they were counted as separate sentences and Singletary was given (3) criminal history points for each, a total of 6 points. (See Item #II attached).

For clarity, Petitioner Singletary refers to ¶ ¶ 37 and 43 of the PSR as to the prior sentences enumerated there. His "Item #II" is his attachment to his Ground One claims, explaining his position at length. Petitioner Singletary contends that he was incorrectly given criminal history points due to errors made by the defendant's court appointed counsel in her review of the PSR and her failure to challenge the calculation of his total criminal history points.

**The Standard of Review for Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelain v.*

*Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Florida Department of Corrections*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995); and *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill*, 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright*, 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id*. "Conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). Counsel cannot be considered ineffective for failing to raise claims that lack merit. See *Alvord v. Wainright*, 725 F.2d 1282, 1291 (11th Cir. 1984).

Petitioner's primary claim is that his Criminal History points were calculated improperly, resulting in his being classified in Criminal History Category VI. It should be noted that in Part B. DEFENDANT'S CRIMINAL HISTORY, no criminal history points were added from ¶¶ 26 -36 for Petitioner's offenses before 1990. See PSR pp. 4-6.

At ¶ 37, petitioner was credited with **3** criminal history points for a conviction and sentence on 3/30/90 in Bibb County Superior Court Case No. 33046, a sentence of ten (10) years of probation concurrent with Case No. 33031, a Probation Revocation in Case No. 28796 with community service, and a term of twelve (12) months probation concurrent on Count 2 of that case. Paragraph 37 also reveals that Petitioner Singletary was represented by an attorney when he entered pleas of guilty to the under lying felony charges, that Petitioner's ten (10) years of probation was tolled on 12/11/92, and revoked in full on 02/23/94, resulting in probation revocation of seven (7) years, twenty (20) days.

In his Summary (Doc. 100 at 3), Petitioner Singletary argues that, "The criminal history points of these sentences [line (37) p. 6 and line (39) p. 7] were incorrectly calculated and the defendant was given (3) criminal history points for each sentence although both sentences were imposed on the same day." Petitioner Singletary here confuses PSR ¶ 39 with ¶ 43. Singletary notes that he was paroled on February 9, 1996, for all of the state sentences, misdemeanor and felony, which he incurred on March 30, 1990. However, Singletary has misread his PSR. While he was indeed given **3** criminal history points for the offenses enumerated in ¶ 37, he was given **0** points for the offenses enumerated at ¶ 39. Petitioner states, "A thorough or even cursory review of the defendant's P. S. R. should reveal discrepancies as these to an experienced attorney. Petitioner Singletary's review of the PSR at ¶ 37 and 39 is the faulty one. He incurred a total of only **3** criminal history points for both ¶¶ 37 and 39, not **6** as he erroneously calculates. Moreover, the PSR reports at ¶¶ 38 and 40, relative to the offenses enumerated in ¶¶ 37 and 39, that the state court records

4

reveal that the defendant was represented by counsel.

No criminal history points were assessed for the offense noted at ¶¶ 41 and 42, although petitioner received an additional 12 months probation for the criminal trespass to which he pleaded guilty in Bibb State Court Case No. 225016. The next **3** point assessment is noted at ¶¶ 43, 44 of the PSR, which shows that Petitioner was represented by counsel when he entered a guilty plea to seven counts of forgery in the 1st degree and was sentenced on February 23, 1994 to 5 year concurrent terms of imprisonment on each count. Petitioner contends at Ground One of his Motion (Doc. 100 at 4) that this sentence was imposed on the same day as those enumerated in ¶¶ 37 and 39 of the PSR, to wit, 2/23/94, and that the sentences were all to run concurrently, as a single sentence imposed on the same day. However, Petitioner is mistaken again in his assessment of the provision for constitutes a single sentence under the sentencing guidelines.

    U.S.S.G. § 4A1.2(a)(2) provides:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences wee imposed on the same day.

Petitioner's forgery offenses noted in ¶ 43 were charged in Bibb County Superior Court Indictment No. 94CR40782, which is a totally different charging instrument from Case Nos. 33031 and 33046 noted as the cocaine offense in ¶ 37 of the PSR. Moreover, there was an intervening arrest which occurred on 12/03/93 for the forgeries. In Bibb Superior Court Case No. 94CR40782 Singletary was actually sentenced on February 23, 1994, for the forgeries. Petitioner Singletary was actually sentenced on his cocaine offense in Case No. 33046 on March 30, 1990. Petitioner wants this court to consider the ¶ 43 reference to the revocation of his probation in Case No. 33046 noted at ¶ 37, as the same sentencing date in former case, so as to make it correspond with the sentencing

date in his forgery offenses in Case No. 94CR40782. Petitioner Singletary cannot make any of the requirements of U.S.S.G. § 4A1.2(a)(2) fit these cases. The sentences were imposed for offenses that were separated by an intervening arrest, and must, therefore, be counted separately. Even if there had been no intervening arrest, the sentences did not result from the same charging instrument, nor were they imposed on the same day. The probation revocations do not create a new sentencing date. The additional **3** criminal history points assessed for the offense noted in ¶ 43 of the PSR is correct. Therefore, Petitioner's counsel was not ineffective for refusing to make a futile objection.

Petitioner Harris's next criminal history points added in his PSR appear at ¶¶ 47 and 48. As stated in ¶ 48, Petitioner waived his right to an attorney and pleaded guilty to misdemeanor charges contained in his Case Nos. 280617, 280616, and 280615. As revealed in ¶ 47, he was arrested for these offenses on September 16, 1998, and sentenced to three consecutive 12 month probated sentences, with 4 months of that probation being revoked for a probation violation as described in ¶ 49. Petitioner received 2 additional criminal history points for this series of offenses and probation violation under U.S.S.G. § 4A1.1(b) which provides:

> Add **2** points for each prior sentence of imprisonment of at least sixty days counted in (a).

U.S.S.G. § 4A1.2(k) was also applied because of Petitioner's imprisonment of at least sixty days (4 months = 120 days) resulted from the violation of his prior probation, although only the two criminal history points were assessed.

Petitioner Singletary received an additional **2** criminal history points in his PSR for Felony Possession of Marijuana for which he was arrested on 4/18/00, along with petty offense traffic offenses as enumerated at ¶¶ 55-57 of the PSR. The PSR shows that on June 6, 2000, Singletary was sentenced to another 5 years of probation, which was revoked on September 7, 2000, on December 20, 2001, on May 23, 2002, and on November 6, 2006, all for at least 60 to 120 days. The

PSR shows that the State records note that he was represented by counsel when he plead guilty to the Marijuana Possession in Case No. 00CR51717 of April 18, 2000.[1]  The two point assessment here was also applied according to the provisions of U.S.S.G. § 4A1.1(b) and 4A1.2(k).

Petitioner Singletary received an additional **2** criminal history points for Bibb State Court Case No. 302254, when he was arrested on May 9, 2002 for Criminal Trespass/Family Violence. The PSR reveals at ¶¶ 58 -60 that Singletary waived his right to an attorney, pleaded guilty to the charge and received another 12 months probation sentence on September 10, 2002, which he violated on February 15, 2005 and received a revocation of 6 months and 8 days.  The two criminal history points were again correctly calculated and assessed under U.S.S.G. § 4A1.1(b) and 4A1.2(k).

At ¶¶ 61 and 62 of the PSR, Petitioner Singletary received **1** additional criminal history point pursuant to U.S.S.G. § 4A1.1(c) and 4A1.2(c)(1)[2] for operating a motor vehicle on November 9, 2003, with no proof of insurance to which he waived his right to attorney representation, pleaded guilty, and received a 30 day jail sentence with credit for time served.

Petitioner Singletary's criminal history points were calculated exactly according to the Sentencing Guidelines as noted, no miscalculated by the Probation Office, the Government, the District Court, or Petitioner's Counsel.  As shown, only Petitioner Singletary has miscalculated the accumulation of his criminal history points, which correctly totaled **15**, when a final **2** points were added pursuant to U.S.S.G. § 4A1.1(d), because Singletary "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d).  Singletary committed his instant federal

---

[1] As to Petitioner's many reference to his lack of counsel in his prior state convictions, he remedy would have been state appeal or state habeas corpus proceedings.  These state claims which are contradicted in the PSR are not cognizable in this § 2255 Motion.

[2] U.S.S.G. § 4A1.1(c) directs "add **1** point for each prior sentence not counted in (a) 0r (b), up to a total of 4 points for this item."  U.S.S.G. § 4A1.2(c)(1) provides "Sentences for [traffic offenses] and offenses similar to them, by whatever name they are known, are counted only if (a) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days."

offense while on probation from Bibb County Superior Court in Case No. 00CR51717, the Felony Possession of Marijuana conviction of June 6, 2006, for which he received a sentence of 5 years on probation supervision which was not terminated until August 20, 2008, long after his instant federal offense of May 22, 2007. *See* PSR at ¶ ¶ 55, 63 and Indictment (Doc. 1).

Petitioner Singletary has failed to show that his counsel was deficient in any way, particularly in calculating his criminal history points for sentencing consideration from the PSR. As a result, Petitioner Singletary fails to show that his counsel's conduct prejudiced him in this case. He has failed his burden of proving ineffective assistance of counsel or any constitutional error by the court.

In conclusion, Petitioner Singletary's Motion must fail because he has based all of his arguments regarding his sentence and his counsel's alleged deficiency upon a mandatory application of the sentencing guidelines. However, in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), the United States Supreme Court rendering the guidelines "effectively advisory." *Id.,* at 245, 125 S.Ct. at 756-57. As a result, while a sentencing court must still "consider Guidelines ranges," it may "tailor the sentence in light of other statutory concerns as well." *Id.,* at 245-46, 125 S.Ct. at 757. The district court must consult the Guidelines and correctly calculate the range provided by the Guidelines. Second, the district court must consider [the 18 U.S.C. § 3553(a)] factors to determine a reasonable sentence." *United States v. Talley,* 431 F.3d 784, 786 (11th Cir. 2005). Moreover, the United States Supreme Court ruled in *Gall v. United States,* 128 S. Ct. 586, 603 (2008), that as a result of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), and its progeny, "The lower courts were instructed that the Guidelines must be regarded as 'effectively advisory.'"

From the foregoing authority, the District Court was free to fashion its sentence in Singletary's case considering the Sentencing Guidelines, including Singletary's criminal history points, as advisory but not binding. The statutory penalty prescribed by U.S.C. § 924(a)(2), for Petitioner's federal firearms violation to which he has pleaded guilty here was 10 years. Nonetheless, the District

Court's sentence was of 64 months imprisonment was within both the statutory and the advisory sentencing guideline range. Petitioner has not error in his conviction and sentence, nor has he shown prejudice in his counsel's representation.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Singletary's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 29th day of April 2010.

**S/G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**